UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00069-GNS-HBB

CHARLES BRIAN ALEXANDER              PLAINTIFF

v.

WALGREENS CO.                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 42). The matter is now ripe for adjudication. For the reasons that follow, the motion is **GRANTED**.

**I. BACKGROUND**

**A. Statement of Facts**

In August 2017, Plaintiff Charles Alexander ("Alexander") sought medical treatment for an eye infection. (Compl. ¶¶ 5-6, DN 1). He was diagnosed with Blepharitis, an infected eye or eyelid, and was prescribed with Ofloxacin, an eyedrop treatment. (Compl. ¶¶ 7-8). The prescription was called into Walgreens #4448, which is operated by Defendant Walgreens Co. ("Walgreens"). (Compl. ¶ 8). On August 19, 2017, Alexander picked up the prescription and began to apply the medicine to his eyes. (Compl. ¶¶ 8-11). Two days later, on August 21, 2017, Alexander was contacted by Walgreens informing him there was an error when filling the prescription. (Def.'s Mem. Supp. Mot. Summ. J. 1, DN 42-1). Alexander was given the ear-related formulation of Ofloxacin rather than the eye-related formulation. (Def.'s Mem. Supp. Mot. Summ J. 2). Alexander alleged that he suffered permanent damage to his eye as a result of this mistake. (Compl. ¶ 1).

B.  **Procedural History**

On June 9, 2018, Alexander filed a complaint claiming negligence on the part of Walgreens. (Compl. ¶¶ 20-23). On March 19, 2019, the Magistrate Judge issued a scheduling order establishing deadlines for discovery. (Scheduling Order, DN 34). In relevant part, the scheduling order provides that the identity of any person who may be used at trial to provide expert testimony must have been disclosed by Alexander no later than May 15, 2019, and *Daubert* motions challenging those experts were to be filed no later than September 1, 2019. (Scheduling Order 2). Alexander provided his initial disclosures on April 15, 2019 but did not ever identify any expert witnesses. (Pl.'s Initial Disclosure, DN 35). On August 12, 2019, Walgreens moved for summary judgment. (Def.'s Mot. Summ. J., DN 42). Alexander responded, and Walgreens replied. (Pl.'s Resp. Def.'s Mot. Summ. J., DN 44; Def.'s Reply Mot. Summ. J., DN 46).

## II.  JURISDICTION

The Court has subject matter jurisdiction over this action via diversity under 28 U.S.C. § 1332. There is complete diversity between the parties because Alexander is a citizen and resident of Kentucky and Walgreens is an Illinois corporation. The amount in controversy as pleaded exceeds $75,000.00. (*See* Compl. ¶¶ 2-4).

## III.  STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment as a matter of law should be granted if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Walgreens argues first that Alexander has failed to identify any expert witness as required under Fed. R. Civ. P. 26 and that the deadline to identify such witnesses has now passed. (Def.'s Mem. Supp. Mot. Summ. J 2). Walgreens contends that without an expert witness Alexander is incapable of proving causation, which is an essential element of his negligence claim under Kentucky law. (Def.'s Mem. Supp. Mot. Summ. J. 3).

### A. Expert Witness Disclosure

Federal courts sitting in diversity cases apply the Federal Rules of Civil Procedure in procedural matters and the substantive law of the state that applies to the cause of action. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir.2001). As such, the Federal Rules of Civil Procedure govern the disclosure of expert witnesses in the present case.

Under Fed. R. Civ. Pro. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence under Federal Rule of Evidence 702, 703, or 705." If the expert witness is "retained or specially employed to provide expert testimony," the identifying party must provide a written report detailing the expert's opinions, the facts relied on in forming the opinions, relevant exhibits, the expert's qualifications, other cases in which the witness has served as an expert, and the witness's compensation. Fed. R. Civ. P. 26(a)(2)(B). If the expert is not specifically retained for trial, the witness disclosure statement must include only "the subject matter on which the witness is expected to present evidence . . . [and] a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)-(D). Expert witnesses must be disclosed in a timely manner compliant with the court's scheduling order. Fed. R. Civ. P. 26(a)(2)(D). If a party fails to make a proper disclosure under Fed. R. Civ. P. 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). In short, "*all* witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004) (emphasis in original).

Walgreens primarily argues that summary judgment is warranted because Alexander has failed to identify any expert witness to support his claim that Walgreens' prescription error caused any harm. (Def.'s Mem. Supp. Mot. Summ. J. 4). Alexander counters that he disclosed a causation expert, Dr. Lowell C. Ware ("Dr. Ware"). (Pl.'s Resp. Mot. Summ. J. 4). In his response, Alexander also identifies treating physician Dr. Marc Moore ("Dr. Moore") as an expert to address causation. (Pl.'s Resp. Mot. Summ. J. 4). The record shows that Alexander's initial disclosure did identify both Dr. Ware and Dr. Moore as "individuals . . . likely to have discoverable

4

information that the Plaintiff may use to support his claims." (Pl.'s Initial Disclosure 2). This disclosure also noted that medical records kept by several doctors and a medical report from Dr. Ware were documents that Alexander may use to support his claims and were therefore available for inspection by Walgreens.[1] (Pl.'s Initial Disclosure 2). Alexander did not, however, provide any expert disclosures or specifically identify either doctor as an *expert* witness.

A party's disclosure of a fact witness in his initial disclosure under Fed. R. Civ. P. 26(a)(1) is insufficient to allow the witness to testify as an expert under Fed. R. Civ. P. 26(a)(2). The Seventh Circuit dealt with nearly identical circumstances in *Musser*, in which the plaintiffs properly disclosed numerous fact witnesses under Fed. R. Civ. P. 26(a)(1), but failed to identify any of them as expert witnesses. *Musser*, 356 F.3d at 757. As the court explained, "the error made by the [plaintiffs] was in confusing Rules 26(a)(1) and 26(a)(2): '[d]isclosing a person as a witness and disclosing a person as an expert witness are two distinct acts.'" *Id.* As such, those witnesses could testify as fact witnesses at trial, but not as expert witnesses. *Id*. Moreover, the Seventh Circuit rebutted the argument that designating already disclosed witnesses as expert witnesses would be a "pointless formality." *Id*. Rather, the identity of one party's experts allows the opposing party to effectively prepare for trial and to consider expert-specific countermeasures, such as a motion to exclude on *Daubert* grounds. *Id.* at 757-58. As the court concluded, "[i]n sum, we agree with the district court that even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony." *Id*. at 758.

The same analysis is true under the present facts. Alexander identified Dr. Ware as a fact witness under Fed. R. Civ. P. 26(a)(1), but never indicated that Dr. Ware would also be serving as an expert witness nor did he make any disclosures mandated by Fed. R. Civ. P. 26(a)(2).

---

[1] The medical report from Dr. Ware appears to be what was tendered by Walgreens as DN 46-1.

Therefore, Dr. Ware could only serve as a fact witness rather than an expert witness. As the court noted in *Musser*, compliance with Rule 26 is more than a mere technicality; rather, if Alexander had properly disclosed his experts, then Walgreens could have more properly prepared for trial and taken appropriate countermeasures. Most notably, Walgreens could have filed a challenge to the admissibility of expert testimony offered from Dr. Ware.[2] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

It is worth noting that Alexander's inclusion of Dr. Ware's report in his initial disclosure does not cure the failure to comply with Fed. R. Civ. P. 26(a)(2). Nearly the entirety of Dr. Ware's report details his treatment of Alexander, which is entirely consistent with testimony normally provided by a treating physician serving *only as a fact witness*. *See Selby v. Kmart Corp.*, No. 1:17CV-00042-GNS, 2017 WL 6347967, at *5 (W.D. Ky. Dec. 12, 2017). Insofar as this report presents Dr. Ware as a fact witness, it does not place Walgreens on notice of the need to prepare for Dr. Ware's testimony as an expert witness. It is only in the concluding paragraph of a five-page report that Dr. Ware obliquely addresses causation, noting that "[t]he conclusive point here is that his right eye has no symptoms and he had not used the otic solution in it, thus conclusively indicating the damage and symptoms of his left eye." (Ware Report 5, DN 46-1). Regardless, if Alexander intended to have Dr. Ware testify regarding causation, he was bound to comply with Fed. R. Civ. P. 26(a)(2) and identify Dr. Ware as a qualified expert. *Id*. Dr. Ware was not properly

---

[2] Walgreens addresses this argument in its motion for summary judgment by noting that "[a]s previously stated, Dr. Ware is not an ophthalmologist and does not possess the necessary qualifications to enable him to express any opinion regarding any possible causal relationship between the use of the OTIC solution and Mr. Alexander's subsequent symptoms." (Def.'s Mem. Supp. Mot. Summ. J. 2). Given that Dr. Ware was never identified by Alexander as anything more than a fact witness, however, it would have been improper for Walgreens to challenge his expert qualifications or to file an official *Daubert* motion.

disclosed as anything more than a treating physician serving as a fact witness, and he therefore cannot testify in an expert capacity.

This Court and sister courts when dealing with similar circumstances have strictly applied Fed. R. Civ. P. 37(c) to exclude expert testimony for violations of Fed. R. Civ. P. 26(a)(2). *See Garrison v. Sam's E., Inc.*, No. 1:16-CV-00152-GNS, 2018 WL 6566546, at *2 (W.D. Ky. May 24, 2018), *objections overruled*, No. 1:16-CV-00152-GNS-HBB, 2018 WL 4355824 (W.D. Ky. Sept. 12, 2018) ("[W]hen a party intends to solicit testimony from a treating physician that goes beyond the facts of diagnosis and treatment, and into areas such as causation, future treatment or impairment, the anticipated opinion testimony is subject to disclosure under Rule 26(a)(2)."); *Robertson v. Holt*, No. 14-CV-36-DLB, 2015 WL 4113207, at *2 (E.D. Ky. July 1, 2015) ("Thus, if the offering party fails to comply with Rule 26(a)(2)(C), the treating physician 'will only be allowed to testify as a fact witness under Rule 26(a)(1), and, as such, will be limited to testifying as to the course of treatment and to what he directly observed while [the patient] was under his care.'" (citation omitted)); *Roark v. Speedway*, LLC, No. 13-CV-139-ART, 2015 WL 12978822, at *4 (E.D. Ky. Apr. 6, 2015) ("[D]isclosing a treating physician as a fact witness is not a substitute for designating the same physician as an expert. There are countermeasures a party may take with respect to an expert that are not applicable to fact witnesses, like moving to exclude the expert under *Daubert* or retaining a rebuttal expert." (internal citation omitted) (citation omitted); *McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 932 (E.D. Ky. 2014) ("The purpose of Rule 26 disclosures of witnesses, both fact witnesses and expert witnesses, is to enable the parties to adequately prepare for trial. The commentary to Rule 26 states that the duty to disclose 'extends to witnesses that the other party already knows of and to documents that the other party already knows of or even possesses.'").

The Sixth Circuit has outlined a potential reprieve from the strict application of Fed. R. Civ. P. 37(c) to exclude expert witnesses for a party's failure to comply with Fed. R. Civ. P. 26(a): "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)). The burden is on the potentially sanctioned party to prove harmlessness. *Id*. As established by the commentary to Fed. R. Civ. P. 37, harmlessness is shown by "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vance*, 1999 WL 455435, at *5.

In the present case, Alexander has not claimed a mistake in failing to comply with Fed. R. Civ. P. 26(a)(2) nor for that matter has he made *any attempt* to explain how the error occurred, that this error is substantially justified, or why this error is harmless. The case law has made clear that Alexander bears the burden to establish the harmlessness of expert disclosure violations. *See Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) ("[Plaintiffs'] motion in the district court articulated no justification (much less a substantial one) for their untimeliness, nor have they put forward any justification on appeal. . . . Nothing in the present case suggests that the failure to disclose [the expert] in a timely manner was the result of an honest mistake.").

Moreover, Alexander's failure to disclose Dr. Ware as an expert witness has prejudiced Walgreens. Walgreens made clear that it relied to its detriment on the fact that Alexander did not "formally disclose experts in this case. And, as such, [Walgreens] did not file any motions related to the admissibility of any anticipated expert testimony from him, which, pursuant to the Court's Scheduling Order, were due on September 1, 2019." (Def.'s Reply Mot. Summ. J. 4 n.2). As

previously noted, Walgreens alludes to a *Daubert*-style argument in its motion for summary judgment, contending that Dr. Ware is an optometrist, not an ophthalmologist, and is therefore not qualified to testify to causation. (Def.'s Mem. Supp. Mot. Summ. J. 2). Because Dr. Ware was not identified as an expert, however, Walgreens was unable to make a *Daubert* motion in a timely manner compliant with this Court's scheduling order. This Court need not rule on Dr. Ware's qualifications, however, as this inquiry is context-specific and would require further briefing by the parties. Regardless, Walgreens has been precluded from making a potentially dispositive *Daubert* motion. *See, e.g.*, *Dillon v. Auto-Owners Ins. Co*., No. 14-CV-00246-LTB, 2016 WL 943775, at *5 (D. Colo. Mar. 14, 2016) ("Any opinion as to causation of Plaintiff's visual impairments is, in this case, outside of the reasonable confines of the subject area of optometry." (citations omitted)); *Sun Supermarkets, Inc. v. Fields*, 568 So. 2d 480, 482 (Fla. Dist. Ct. App. 1990) ("Clearly, the causation testimony elicited from him should only be elicited from a qualified ophthalmologist, not an optometrist."); *Am. Enka Corp. v. Sutton*, 391 S.W.2d 643, 645 (Tenn. 1965) (holding that the training of an optometrist does not qualify him or her to testify to the causation of eye damage). In fact, Alexander has seized on Walgreen's disadvantage, arguing that "Dr. Ware has not been excluded as an expert in this matter and there is no motion before the court related to the admissibility of his testimony." (Pl.'s Resp. Mot. Summ. J. 5). What Alexander fails to appreciate, however, is that Walgreens did not move to exclude Dr. Ware's expert testimony because Alexander never identified him as an expert. *See Musser*, 356 F.3d at 758 (discussing the resultant prejudice on defendant when an expert witness is not formally identified as such). Now, the deadline to make such a motion has passed. (Scheduling Order 3).

In conclusion, because Dr. Ware and Dr. Moore were never identified by Alexander as expert witnesses, they can only serve as factual witnesses in the present case. As such, they cannot

9

testify to matters beyond their treatment of Alexander. The doctors are therefore not permitted to testify on topics that require expert testimony, such as causation.

### B. <u>Causation</u>

Without an expert witness Alexander is unable to prove causation, which is an essential element of his negligence claim. It is well established that causation is a "necessary element of proof in any negligence case." *Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991) (citations omitted). "Kentucky law generally requires expert or medical testimony to establish that an incident legally caused a medical injury." *Lacefield v. LG Elecs., Inc.*, No. 3:06-CV-12-KKC, 2008 WL 544472, at *3 (E.D. Ky. Feb. 26, 2008). There is an exception to this general rule:

> There may, of course, be situations in which causation is so apparent that laymen with general knowledge would have no difficulty in recognizing it. ... But excepting those situations we have adhered to the rule that the causal connection between accident and injury must be shown by medical testimony and the testimony must be that the is probable and not merely possible.

*Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 657 (E.D. Ky. 2013) (internal quotation marks omitted) (citation omitted).

Under the present facts, while Alexander's use of ear drops in his eye would certainly seem unsettling, it is not immediately apparent that this was the cause of Alexander's subsequent eye damage. After all, Alexander was suffering with an infected eye in his left eye even before he began to apply the ear drops to it. (Compl. ¶¶ 5-7). While putting a foreign substance in one's eye may stir sympathy with jurors, jurors are not qualified without expert assistance to ascertain how the ear-related formulation of Ofloxacin differs from the eye-related formulation of Ofloxacin. Furthermore, jurors cannot be expected to determine whether this different formulation *caused* the damage that Alexander now attributes to Walgreens. Finally, Alexander has made no attempt to establish that lay members of the jury could determine whether or not Walgreens's

10

prescription error caused permanent damage to Alexander's eye. In the absence of any admissible expert testimony to establish that the ear drops caused an injury to his eye, Alexander cannot prevail on his negligence claim. Summary judgment in favor of Walgreens is therefore appropriate.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 42) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

December 10, 2019

cc: counsel of record